| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | **Presentment Date and Time**<br>**November 25, 2019 at 12:00 NOON** |

---------------------------------------------------------X

In re

GTS REAL PROPERTIES, INC.                    Bankruptcy No. 19-46271 (ESS)

                                                                      Chapter 11

                Debtor.

---------------------------------------------------------X

## NOTICE OF PRESENTMENT AND OPPORTUNITY
## FOR HEARING

**PLEASE TAKE NOTICE** that pursuant to the Application to retain a real estate BROKER for the sale of the property located at 2306 Albemarle Rd, Brooklyn, NY 11226 the Honorable Judge Elizabeth S. Stong, United States Bankruptcy Judge for the Eastern District of New York, will be presented with an order for signature on November 25, 2019 at 12:00 PM.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the proposed order must be made in writing and received in the Bankruptcy Judge's chambers and by the undersigned no later than 12:00 noon. on November 18, 2019.  Unless objections are received by that time the order may be signed.

Dated: October 30, 2019
       Harrison, NY 10528

                                                        **BRONSON LAW OFFICES, P.C.**

                                                        /s/: H. Bruce Bronson
                                                        H. Bruce Bronson, Esq.
                                                        Proposed Counsel to the Debtor and
                                                        Debtor in Possession
                                                        480 Mamaroneck Ave.
                                                        Harrison, NY 10528

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

    **GTS REAL PROPERTIES, INC.,**

               Debtor.

-----------------------------------------------------------x

Case No.  19-46271 (ESS)

Chapter 11

**APPLICATION**

Application, filed by the Debtor by and through its counsel, seeks to retain a real estate agent as of October 29, 2019.

TO THE HONORABLE JUDGE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE:

    GTS REAL PROPERTIES, INC., the debtor and debtor in possession (the "Debtor"), by and through its counsel, Bronson Law Offices, P.C., respectfully represents:

1. The Debtor filed a chapter 11 bankruptcy petition on October 17, 2019.

2. The Debtor owns property located at 2306 Albemarle Rd, Brooklyn, NY 11226 (the "Property").

3. The Debtor intends to sell the Property and accordingly needs to hire a professional broker to market the Property.

4. No Trustee or examiner has been appointed in this matter.

5. No previous application for the relief requested herein has been made to this or any other court.

## **RETENTION OF REALTOR**

6.     The Debtor intends to sell its property and pay its secured lender, to the extent of the sale proceeds, less costs of the sale.

7. The Debtor proposes to employ David Altuzarra of Sentry Homes, Inc ("Broker") and has signed a listing agreement (the "Listing Agreement") subject to Court approval on October 29,2019.

8. The Debtor selected Broker because of its experience in various aspects of sales of commercial real property. The Debtor believes that Broker is qualified and able to market and sell the Property at a fair market price and in an expedient manner.

9. The professional services Broker will be required to render include, but are not limited to the following:

    a. Provide advice and guidance to the Debtor and Debtor's counsel as to market conditions and strategies to maximize the value of the Property for sale;

    b. Market and list the Property for sale;

    c. Consult and advise Debtor and Debtor's counsel with regard to negotiation of price and terms of potential sales;

    d. Provide such other necessary services typically provided by real estate agents listing commercial properties in the geographic area of the Property.

10. To the best of the Debtor's knowledge, the Broker has no connection with, and no interest adverse to the Debtor, its creditors, other parties in interest, or their respective attorneys or accountants or the U.S. Trustee. The Debtor accordingly believes that Broker is a disinterested party in the context of the instant chapter 11 matter.

11. The Debtor believes that the retention of Broker is in the best interest of the Debtor and its creditors.

12. Broker's compensation for the professional services to be rendered (4.5% maximum) shall be governed by the Agreement, attached hereto as **Exhibit A**, subject to Court order.

13. Broker understands that, in accordance with the Bankruptcy Code, final payment and compensation and all interim payments and compensation are subject to approval by the bankruptcy court.

**WHEREFORE**, the Debtor, by and through its counsel, respectfully requests that this Court enter the annexed Order and grant such other relief that it deems just and proper.

Dated: Harrison, NY
October 29, 2019

BRONSON LAW OFFICES, P.C.,
Proposed Counsel for Debtor

/s/ H. Bruce Bronson
H. Bruce Bronson
480 Mamaroneck Ave.
Harrison, NY 10528
hbbronson@bronsonlaw.net

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------x<br>In re:<br><br>    GTS REAL PROPERTIES, INC.<br><br>        Debtor,<br><br>-----------------------------------------------------------x | Case No. 19-46271 (ESS)<br>Chapter 11<br><br>**<u>ORDER</u>** |

**ORDER AUTHORIZING DEBTOR'S RETENTION OF REAL ESTATE BROKER**

Upon the application, by notice of presentment dated October 29, 2019 (the "Application"), of GTS Real Properties, Inc. the debtor and debtor in possession herein (the "Debtor"), requesting authorization under 11 U.S.C. § 327(a) to retain Sentry Homes, Inc. (represented by David Altuzarra) (the "Broker") as the Debtor's real estate broker for the real property located at 2306 Albemarle Road Brooklyn, NY 11226 (the "Property") under the terms (4.5% total commission) of the Listing Agreement attached as an exhibit to the Application (the "Agreement"); and upon the accompanying affidavit of David Altuzarra; and, after due notice, there being no objections to the requested relief; and no additional notice or hearing being required; and it appearing that the Broker neither holds nor represents an interest adverse to the Debtor or her estate, that it is disinterested under 11 U.S.C. § 101(14), and that its retention is necessary and in the best interests of the estate; now, therefore, it is

ORDERED, that

1. The Application is granted and the Debtor is authorized under 11 U.S.C. § 327(a) to employ the Broker as her real estate broker for the Property as of October 29, 2019, to be paid a maximum of 4.5% of the gross sales price under the Agreement;

2. To extent that this Order and the Agreement conflict, this Order shall govern and, notwithstanding any term contained in the Agreement regarding a dispute over fees, any such disputes are to be dealt with by this Court; and

3. Any changes to the terms of the Broker's engagement are to be approved by the Court and the amount of compensation paid pursuant to the Agreement shall be determined upon appropriate application to the Court pursuant to 11 U.S.C. § 330 and the applicable Bankruptcy Rules, Local Bankruptcy Rules and fee and expense guidelines and orders of the Court; provided, that such application may be included in a motion for approval of the sale of the Property.

Dated: _____, 2019
Brooklyn, New York

No Objection of
United States Trustee:

_____
Marylou Martin, United States Trustee

_____
Honorable Elizabeth S. Stong
U.S. Bankruptcy Court
Eastern District of New York

# Exhibit A

NY State MLS

EXCLUSIVE RIGHT TO SELL LISTING AGREEMENT        ML#_____

This is a legally binding contract, if not fully understood seek competent legal advice before signing.

This Exclusive Right to Sell Listing Agreement, hereinafter referred to as "Agreement", is between GTS Real Properties Inc_____, hereinafter referred to as "Seller", and Sentry Homes Inc._____, Licensed Real Estate Broker, hereinafter referred to as "Principal Broker".
Seller hereby gives to Principal Broker the sole and exclusive right to sell the property located at 2-12 Oakland Place Brooklyn NY 11226_____, hereinafter referred to as "Property", said Property being described in the attached addendum, which, when reviewed and signed by Seller, will become part of this Agreement. Seller agrees that within ___1___ days Seller will review and approve the accuracy of the Property listing as it appears in the NY State MLS. A copy of the Property listing will be provided by the Principal Broker via fax, email or mail and Seller will advise the Principal Broker of any necessary changes. Information on said attached addendum is deemed reliable but not guaranteed by the Seller or Seller's representative(s). The listing price of Property shall be $8,000,000___.
Seller authorizes Principal Broker to submit this listing information to the NY State MLS, a multiple listing service, within 48 hours of the start date of the contract and to make an offer of cooperation to all participants in the NY State MLS and to any other licensed broker(s) with whom the Principal Broker deems that cooperation is in the seller's interest.
The listing shall start on ___10/29/19___ and end ___05/1/20___ at midnight.
Seller agrees to pay to the Principal Broker a brokerage fee of ___4.5___ of the selling price when earned and in no event later than the time of closing if a purchase offer is accepted by the Seller during the above listing period or any extension thereof. Seller and Principal Broker further agree that if subject property is sold, exchanged, conveyed or contracted to be sold, exchanged or conveyed to anyone during said listing period the Principal Broker shall be entitled to the aforementioned brokerage commission. Seller agrees to allow Principal Broker to compensate any NY State MLS member broker(s) who may participate in the sale of the Property. Seller hereby authorizes the Principal Broker to offer the following compensation to be a portion of the agreed upon commission or other compensation:
___2%___ commission to a Buyer's agent
___2%___ commission to a Broker's agent     not to exceed 4.5%
___2%___ commission to a sub-agent.
The Principal Broker may compensate any broker who is not a member of NY State MLS at the Principal Broker's sole discretion. However, Seller is entitled to disclosure of any such compensation arrangement. Seller also agrees if a sale of the Property is made within ___1___ days after the expiration date of this agreement to any purchaser to whom the Property was shown by anyone during the term of this agreement, the said brokerage fee, as indicated above, will be paid to the Principal Broker. However, the Seller shall not be obligated to pay such brokerage fee if the Property is listed in writing with another licensed real estate broker during such ___1___ day period.

DLA_____ Principal Broker        _____ Seller
Initial & Date                           Initial & Date

Page **1** of **3**

During the term of this Agreement:
1. Seller hereby authorizes the Principal Broker to make and use photographs and promotional material of the Property for advertising as the Principal Broker may deem advisable, and these promotional materials shall be and remain the sole property of the Principal Broker.
2. Seller grants to the Principal Broker the sole and exclusive right to affix and maintain the Principle Broker's "For Sale" sign on the Property: __✓__Yes _____No   (check "Yes" or "No").
3. Seller agrees to refer any and all inquiries concerning the Property to the Principal Broker.
4. Seller agrees to accept a binder or purchase contract for cash or contingent on the purchaser's ability to obtain conventional financing, providing any and all other contingencies in the binder or purchase agreement are acceptable to Seller.
5. Seller agrees not to rent or lease the Property during the term of this Agreement.
6. Seller agrees that a lock box supplied by Principal Broker shall be installed: _____ Yes _____ No
Seller and Principal Broker agree that the Property is listed in full compliance with local, state and federal Fair Housing Laws, including, but not limited to, non-discrimination based on race, color, religion, sex, handicap, familial status, or national origin.
Seller elects that any offers to purchase the Property and all negotiations shall be submitted by the ____Listing_____Broker or authorized agent of Principal Broker.
(Listing or Selling)
Seller understands that any cooperating broker (subagent, buyer-agent or broker agent) or his representative has the right to participate in the presentation to the Seller of any offer to purchase secured or obtained by said cooperating broker. Said cooperating broker or their agent does NOT have the right to be present at any discussion or evaluation of that offer between the Seller and the Principal Broker. However, if the Seller gives written instructions to the Principal Broker that the cooperating broker NOT be present when an offer that the cooperating broker has secured is presented, the cooperating broker has the right to a copy of the seller's written instructions but may NOT be in attendance at the presentation of said offer. None of the foregoing diminishes the Principal Broker's right to control the establishment of appointments for such presentations.
Seller hereby authorizes the Principal Broker to continue to submit all offers to Seller until: (initial one)
_____✓__ 1. Seller has fully executed formal contract
_____2. Closing on Property
Seller hereby authorizes the Principal Broker to obtain a copy of the contract of sale, including any contract revisions or modifications, from the Seller's attorney.
The undersigned Principal Broker agrees to make diligent efforts to effect a sale of said Property. Seller authorizes the Principal Broker to use his/her discretion in determining the appropriate marketing approach, unless a specific marketing plan is signed by the parties to this Agreement and attached hereto.

Rule 175.24 of the Rules and Regulations under article 12A of the Real Property Law requires the following explanation:
An "Exclusive Agency" listing means that if you, the owner of the property, find a buyer, you will not have to pay a commission to the broker, however, if another broker finds a buyer, you will owe a commission to both the selling broker and your present broker.
An "Exclusive Right to Sell" listing means that if you, the owner of the property, find a buyer for your house, or if another broker finds a buyer, you must pay the agreed commission to the present broker.

NY State MLS

This listing Agreement shall remain in effect until the property is sold, the listing term expires or upon the written agreement to terminate the listing by both the Seller(s) and the Principal Broker (Licensed Real Estate Broker named herein).

I/We understand the above explanations and all terms of this Agreement.

SELLER:_____    Principal Broker:_____

SELLER:_____    Date signed by Seller:____10/29/19_____

This form is supplied to NY State MLS participant members as a courtesy of the NY State MLS. However, nothing herein shall be construed as making NY State MLS an agent of the Seller, as NY State MLS acts solely as a distributor of this information.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                    Chapter 11
                                          Case No. 19-46271 (ESS)
      GTS REAL PROPERTIES, INC.,
                                          DECLARATION IN
                                          SUPPORT
                                          OF DEBTOR'S
                                          APPLICATION TO EMPLOY

                          Debtor.
-----------------------------------------------------------X

      The undersigned, David Altuzarra, Real Estate Broker with Sentry Homes, Inc., 61-43 186th Street, New York (the "Broker"), declares under penalty of perjury that:

1. I am currently a real estate broker with Sentry Homes NY, Inc. which the Debtor has employed to sell on an exclusive basis the real property located at 2306 Albemarle Rd, Brooklyn, NY 11226 (the "Property").

2. I have read the debtor's instant application to employ Broker and believe the contents thereof to be true.

3. I am a licensed real estate broker, license number 10311205690 I have experience selling commercial properties over the last 11 years.

4. To the best of my knowledge and belief, neither Sentry Homes NY, Inc., nor I represent, or are associated with, the debtor, the creditors of debtor or any other party in interest.

5. Broker will not represent or render services to any other entity in connection with the debtor's case during the pendency of the case.

6. Broker and the undersigned are disinterested parties as the term is defined in Bankruptcy Code section 101(14) and the Court should authorize employment in accordance with the Bankruptcy code section 327(a).

7. Broker is willing to be retained by Debtor under the terms and fees indicated in the proposed contract, annexed to the Debtor's application as Exhibit A.

8. I understand that any payment and all interim payments to Broker are subject to approval by this Court.

9. To the best of the debtor's knowledge, Broker has no connection with, and no interest adverse to, the debtor, its creditors, other parties in interest, or their respective attorneys or accountants or the U.S. Trustee.

Dated: Fresh Meadows, New York
       October 29, 2019

Sentry Homes NY, Inc.

By: _____
    David Altuzarra, Broker